Tilghman C. J.
This is an action for the continuance of a nuisance, for the erection of which the plaintiff had recovered damages against the defendant in a former action. *451 The plaintiff gave in evidence the record of the former recovery, and prayed the Court of Common Pleas to give their opinion, u that the said record was conclusive evidence of the “ cause of'action in the said recovery.” This was opposed by the counsel for the defendant, whereupon the court declared and gave in charge to the jury, “ that as to the effect of the “ former suit and recovery, they were not prepared to decide “ the question, whether that recovery was so conclusive as <c to give the plaintiff an absolute right to recover in this ac- “ tion.” This was not the'question proposed to the court, for although the record of the former recovery had been conclusive evidence of a nuisance formerly erected by the defendant, to the prejudice of the plaintiff, it would not have conclusively followed that the plaintiff was entitled to recover in this suit. On the contrary, he could not have recovered, without proving that the defendant had continued the same nuisance. The question seems therefore to have been misapprehended by the court. But no opinion at all was given ; the court declared, that they were not prepared to decide the question, &c. It is not denied by the counsel for the defendant in érror, that the plaintiff had a right to ask the opinion of the court on any legal point, relevant to the issue ; and that a refusal to give such opinion would be error. The law is Undoubtedly so, for if the court decline to give an opinion, the decisión of the law is transferred to the jury; and if the jury decide wrong, the party grieved has no remedy by appeal or writ of error to a superior tribunal. The consequence would be, that all uniformity and certainty in the law would be destroyed. The only matter then to be considered in this case is, whether the point on which the opinion of the court was asked, was relevant to the issue — arid undoubtedly it was. The issue was, whether the defendant was guilty of continuing a nuisance which he had before erected, and for the erection of which the plaintiff had recovered damages against him. Now the first step towards establishing the issue on the part of the plaintiff, was to prove, that a nuisance had been formerly erected, and to this the record of the former recovery was directly applicable. I am therefore of opinion, that the Court of Common Pleas were bound to deliver their opinion on the point proposed, and that the not delivering it was error. But it was contended, on behalf of the defendant in *452 error, that-the plaintiff had waved his bill of exceptions, by moving the Court of Common Pleas for a new trial, which motion was, after argument, rejected. I cannot perceive how the motion for a new trial amounted to a waver of the bill of exceptions. It might have been founded on other matter than that for which the exception was taken; but even supposing it to be the same, it was no waver of a writ of error; it was no more than a request, that the court would re-consider the matter. The court might indeed, without impropriety, have refused to hear the motion, unless the bill of exceptions was withdrawn; but that was a matter on which they might exercise their discretion. This court must look to the record, and finding the bill of exceptions in it, they are bound to decide on it. I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Ye ates J.
If the question proposed to the court had been, merely, whether the former recovery in the Circuit Court, for the nuisance, was conclusive evidence of the continuance of that nuisance, there could be no difficulty in answering it in the negative ;' for it is perfectly plain, that since the former verdict, the defendant might have done no more than he was justified in doing, or the plaintiff might have led to his own damage and loss, by an alteration in the bed of the stream. This seems to me to have been the idea of the president, when he says, that the court was not prepared to decide the question, whether that recovery was so far conclusive as to give the plaintiff a positive and absolute right to recover in this action. This appears more fully to have‘been his impression on the first bill of exceptions which he sealed. I admit, however, that we aré to be governed by the plain question, as proposed in the second bill. The plaintiff’s counsel insisted, that the recovery was conclusive evidence of the cause of action, in the said recovery. Of the former cause of action it certainly was conclusive evidence, and the judge was bound thus to instrust the jury: But he might very properly have proceeded to say, that the verdict and judgment in the first suit were not, per se, under all circumstances, incontrovertible evidence to support a second suit for the continuance of the nuisance.- A very different case might be presented to the jury, on the trial for the continuance of the nuisance.
*453 As the record stands before us, I am obliged to declare, that the judgment below must be reversed, and a new trial awarded.
Brackenridge J. concurred.
Judgment reversed, and a venire facias de novo awarded.
(jj* See tlie case of Rosewell v. Pryor, Lift. Rnt. 82. (1 Ld. Ray. 713. S. C.) for_a precedent of a narr. for the continuance of a nuisance.